**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4176**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER BELIN,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:06-cr-00063-FDW-DCK-1)

───────────

Submitted: December 11, 2008    Decided: December 15, 2008

───────────

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Randolph Marshall Lee, LAW OFFICES OF RANDOLPH M. LEE, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Belin appeals his 60-month sentence imposed upon his guilty plea to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. 841(a)(1), (b) (2006). Belin's sentence was the statutorily mandatory minimum term. See 21 U.S.C. § 841(b)(1)(B)(iii). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal but questioning whether the statutory mandatory minimum sentences under 21 U.S.C. § 841 create unconstitutional disparities between offenses involving crack cocaine and those involving powder cocaine. Belin was advised of his right to file a pro se supplemental brief, but did not file such a brief. We affirm.

We review a criminal sentence for reasonableness, using the abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 594-97 (2007). Reasonableness review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id.

Here, the district court correctly calculated Belin's advisory guideline range, considered that range in conjunction with the factors set forth at 18 U.S.C. § 3553(a) (West 2006 & Supp. 2008), and adequately explained its reason for imposing sentence. See United States v. Pauley, 511 F.3d 468, 473 (4th

2

Cir. 2007). We recently held that "a statutorily required sentence, . . . is *per se* reasonable." United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008) (emphasis in original). Moreover, the recent amendments to the Sentencing Guidelines have no effect on the constitutionality of the statutory mandatory minimum sentences for crack cocaine offenses. As the Supreme Court observed in Kimbrough v. United States, 128 S. Ct. 558, 573 (2007), after the amendments, "sentencing courts remain bound by the mandatory minimum sentences prescribed [by statute]." We conclude that Belin's sentence is reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Belin's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid the decisional process.

AFFIRMED